UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GARY MULLANE,**

    **Plaintiff,**

v.                                                       Case No:  6:18-cv-125-Orl-31DCI

**RONNIE CLEAVERS and WAYNE IVEY,**

    **Defendants.**
_____/

**ORDER**

Plaintiff, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:

    (b)    Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public*

*Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff is suing Ronnie Cleavers, an agent with the Rockledge Police Department, and Brevard County Sheriff Wayne Ivey in their official capacity. (Doc. 1 at 2-4.) Plaintiff asserts that Defendants defamed and slandered him in violation of the Fourth, Eighth, and Fourteenth Amendments. (*Id.* at 2-3.) In support of his claim, Plaintiff states that on June 4, 2017, the vehicle in which he was a passenger was stopped, and he was arrested after the police found twenty-eight grams of methamphetamine in the car. (*Id.* at 12.) The driver of the vehicle was a twenty-six year old male. (*Id.*). A few weeks after Plaintiff's arrest, Plaintiff discovered that Defendant Cleavers had posted on a "Rockledge sponsored website" that there was a minor in the vehicle when Petitioner was arrested. (*Id.* at 12-13.) According to Plaintiff, the false statement has been posted for eight months despite the fact his attorney requested it to be removed. (*Id.* at 13.) Plaintiff asserts that the statement has caused others to believe he is a pedophile or "just an irresponsible scumbag." (*Id.*). Plaintiff complains that Defendant Ivey's training practices, presumably regarding website postings, appear to be subpar. (*Id.* at 15.)

A suit against an individual in his official capacity is the same as a suit against the municipality. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of

constitutional rights occurred as a result of an official government policy or custom." *Id.* at 1221 (footnote omitted) (citing *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986)). Plaintiff has not alleged any facts demonstrating that the purported constitutional violation resulted from a policy, custom, pattern, or practice of the Brevard County Sheriff's Office or the Rockledge Police Department. Consequently, Plaintiff has failed to state a claim against Defendants in their official capacity.

Furthermore, "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Therefore, Plaintiff has failed to state a claim on which relief may be granted for defamation and slander.

Finally, Plaintiff did not pay the filing fee, submit an Affidavit of Indigency, or file a request to proceed in forma pauperis within thirty days of the commencement of the action as required under Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim on which relief may be granted and for failure to pay the filing fee or otherwise move to proceed *in forma pauperis*.

2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 5, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Gary Mullane